UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America

    Plaintiff,

v.                 Criminal No. 09-145(1) (JNE/RLE)
                  Civil No. 13-501 (JNE)
                  ORDER

Patricia Ann Brown,

    Defendant.

   This case is before the Court on Defendant Patricia Ann Brown's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence; pro se Motion in the Alternative; pro se Motion for Leave to File Supplement; pro se Motion for Evidentiary Hearing; and Motion for Appointment of Counsel. For the reasons stated below, the Court denies Brown's motions.

## I.  BACKGROUND

   A jury found Patricia Ann Brown guilty of murder in the second degree and assault with a dangerous weapon. The Court sentenced Brown to concurrent terms of imprisonment of 360 months for murder and 120 months for assault. Brown appealed, and the Eighth Circuit affirmed. *United States v. Brown*, 653 F.3d 656 (8th Cir. 2011). Brown filed a petition for a writ of certiorari, and, on February 27, 2012, the Supreme Court denied it. *Brown v. United States*, 132 S. Ct. 1649 (2012). In July 2012, Brown moved for the appointment of counsel to represent her in filing a § 2255 motion. The next month, the Court denied the motion as premature. In January 2013, Brown moved for a one-year extension of the deadline to file a § 2255 motion, and the Court denied that motion.

   On February 15, 2013, Brown again moved for the appointment of counsel to represent her in filing a § 2255 motion. On February 26, 2013, Brown deposited her pro se § 2255 motion

in the prison mailing system. *See* R. Governing Section 2255 Proceedings for the United States District Courts 3(d) ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."). The Government responded to Brown's § 2255 motion. On March 29, 2013, Brown filed a pro se Motion to File in the Alternative and a Motion for Leave to File Supplement. On May 3, 2013, Brown filed a pro se Motion for Evidentiary Hearing.

## II.     ANALYSIS

A prisoner whose "sentence was imposed in violation of the Constitution or laws of the United States" may under § 2255 "move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). "A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). "Accordingly, a petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.*

### A. Original § 2255 Motion

In her original § 2255 motion, Brown claims that her counsel had a conflict of interest, that her counsel was ineffective, and that her sentence is substantively unreasonable. The Court will address each issue in turn.

In § 2255 motion, a prisoner may raise an ineffective assistance of counsel claim. *See Massaro v. United States*, 538 U.S. 500, 504–06 (2003). When a court is analyzing such a claim, it "must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (quotation omitted). "To succeed on a claim of ineffective assistance of trial counsel, a defendant must prove 1) his attorney's performance was so deficient as to fall outside the range of reasonable professional assistance, and 2) he suffered such prejudice stemming from the deficient performance there is a reasonable probability the proceeding would have had a different result." *Morelos v. United States*, 709 F.3d 1246, 1249–50 (8th Cir. 2013). "Failure to establish either prong is fatal to a claim of ineffective assistance." *Id.* at 1250 (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

Brown argues that one of her attorneys and the prosecutor set her up by offering her a plea bargain that was later withdrawn because it was contrary to law. It appears from the record that Brown's attorney and the prosecutor discussed a plea bargain—nothing was in writing—where the Government would recommend a 15-year sentence. Brown's attorney communicated this offer to Brown, and Brown decided to accept the offer. But when Brown called her attorney to accept the offer, her attorney told her that the prosecutor had revoked the plea offer. The plea offer was made before the prosecutor and Brown's attorney realized that the murder charge carried a 30-year mandatory minimum sentence. Brown asserts that her attorney is now working with the prosecutor to cover up an "illegal plea offer" and that such association is a "conflict of interest." (Dkt. 133 at 15.)

Generally ineffective assistance of counsel claims are analyzed under the *Strickland* deficient performance and prejudice framework. *Winfield v. Roper*, 460 F.3d 1026, 1039 (8th Cir. 2006). However, when a "defendant can show that an actual conflict of interest adversely affected his lawyer's performance," courts presume prejudice pursuant to the rule enunciated in *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). *Id.* (quotation omitted). The *Cuyler* rule presuming

3

prejudice has not been extended by the Supreme Court beyond cases in which an attorney has jointly represented more than one defendant, and the Eighth Circuit has declined to determine whether it should be applied to actual conflicts of interest that did not arise out of an attorney's joint representation of multiple defendants. *Morelos*, 709 F.3d at 1252. In conflicts cases not involving joint representation, the Eighth Circuit applies both the *Cuyler* and the *Strickland* standard. *Id.*

"Under *Cuyler* a defendant must prove the existence of an actual conflict of interest," which is a "conflict of interest that adversely affects counsel's performance." *Id.* (quotation omitted).

> To prove a conflict produced an adverse effect, a defendant must identify a plausible alternative defense strategy or tactic that defense counsel might have pursued, show that the alternative strategy was objectively reasonable under the facts of the case, and establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict.

*Id.* (quotation omitted). It appears that Brown's conflict-of-interest argument is based on her attorney's recent conduct, several months after the Supreme Court denied Brown's petition for certiorari. Brown does not appear to allege that her attorney's recent conduct had any adverse effect on her trial, sentencing, or appeal. Moreover, Brown has not alleged any strategy or tactic that her attorney could have used but failed to pursue because of a conflict of interest.[1] Because Brown is unable to show an adverse impact under *Cuyler*, she is "necessarily unable to prove prejudice under the more rigorous *Strickland* standard typically governing ineffective assistance claims." *Winfield*, 460 F.3d at 1040. Therefore, Brown's conflict-of-interest claim fails.

---

[1] Brown's conflict-of-interest allegation is further undermined by Eighth Circuit precedent that allows the Government to withdraw a plea agreement at any time before the guilty plea is accepted by the district court. *United States v. Norris*, 486 F.3d 1045, 1049 (8th Cir. 2007).

Brown also alleges that her attorneys were ineffective because they did not show her all of the Government's evidence before she decided to go to trial, and she asserts that if she had seen all of the Government's evidence before trial, she would have pleaded guilty to the assault-with-a-dangerous-weapon charge, and she would have tried to earn the credit for acceptance of responsibility which would have reduced her sentence.[2] But Brown's claim fails because even if her attorneys' conduct was so deficient as to constitute ineffective assistance, Brown has not shown prejudice. If Brown had pleaded guilty to the assault-with-a-dangerous-weapon charge, she still would have been subject to the mandatory minimum of 10 years' imprisonment because she committed a crime of violence using a dangerous weapon against an individual who was not yet 18 years old. *See* 18 U.S.C. § 3559(f)(3). When a mandatory minimum applies, the district court can only sentence below that mandatory minimum by granting the Government's motion for substantial assistance or by imposing safety-valve relief. *See* 18 U.S.C. § 3553(e)–(f); *United States v. Sanchez-Gonzalez*, 643 F.3d 626, 630–31 (8th Cir. 2011); *United States v. DeCoteau*, 630 F.3d 1091, 1098 (8th Cir. 2011). The substantial-assistance motion and the safety-valve relief were not available in this case. Therefore, whether or not Brown pleaded guilty, she would have been subject to the 10-year mandatory minimum, and consequently she has failed to show prejudice.

Brown also asserts that she was prejudiced by her attorneys' ineffectiveness because if she had pleaded guilty to the assault-with-a-dangerous-weapon charge, evidence of that crime would not have been presented to the jury at her murder trial. But in considering a somewhat similar argument when Brown appealed this Court's decision not to sever the murder and assault charges prior to trial, the Eighth Circuit stated that in the separate trial of the assault offenses, the

---

[2] As a preliminary matter, the plea offer in this case was withdrawn, so it appears that Brown is arguing that she would have pleaded guilty in the absence of a plea offer.

evidence relating to the murder likely would have been admissible either as evidence that completes the story of the crime or as evidence of a prior bad act of a similar nature under Federal Rule of Evidence 404(b). *Brown*, 653 F.3d at 662. Likewise, the evidence of the assault with a dangerous weapon would likely have been admissible at the murder trial. *See United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995) (noting when prior bad acts evidence may be admitted under Rule 404(b) and stating that "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition"). Therefore, Brown's ineffective-assistance-of-counsel claim fails because Brown has not shown prejudice.

Finally, Brown argues that her 360-month sentence is substantively unreasonable because she was not given credit for acceptance of responsibility. However, Brown could have raised this issue on direct appeal and failed to do so. "[A] claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). Brown does not claim actual innocence, and she cannot show actual prejudice because, as discussed above, the Court was unable to sentence below the mandatory minimum because the Government did not bring a substantial-assistance motion and safety-valve relief was not available. Therefore, Brown has procedurally defaulted on her sentencing claim.

Because the Court concludes that the files and records conclusively show that Brown is not entitled to relief, the Court dismisses Brown's § 2255 motion without an evidentiary hearing.

### B. Supplemental § 2255 Motion

In April 2013, Brown filed a pro se Motion for Leave to File Supplement and a pro se Supplement 2255 Counterclaim. In the supplement, Brown argues that this Court should grant her § 2255 motion because the jury did not find beyond a reasonable doubt a required element of

18 U.S.C. § 3559(f)—namely, the age of the victims—and therefore the Court erred in imposing the mandatory minimum sentences under § 3559(f). Notably, Brown's pro se supplement is nearly identical to the sentencing memorandum her attorney submitted to this Court in June 2010. *See* Docket No. 103.

Motions under § 2255 must be brought within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Claims made in an untimely amended motion may be deemed timely if they relate back to a timely filed original motion under Federal Rule of Civil Procedure 15(c); that rule allows an amended motion to relate back to an original motion "when the amendment asserts a claim that arose out of the same 'conduct, transaction, or occurrence set out . . . in the original' motion." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (quoting Fed. R. Civ. P. 15(c)(1)(B)). "To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common core of operative facts." *Id.* (quotation omitted). "An [untimely] amended motion may raise new legal theories only if the new claims relate back to the original motion by arising out of the same set of facts as the original claims." *Id.* (quotation omitted). "The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim." *Id.* In her original § 2255 motion, Brown argued that her sentence was substantively unreasonable because the Court did not give her credit for acceptance of responsibility. In her supplemental § 2255 motion, Brown is challenging a different aspect of sentencing: the fact that the Court imposed a mandatory minimum sentence under 18 U.S.C. § 3559(f) without the jury first finding that the victims were under the age of 18. Nowhere in Brown's original § 2255 motion does Brown mention the ages of the victims or the fact that the jury needed to find that the victims were under the age of 18. Because the claims in Brown's original § 2255 motion and the claim in her supplemental § 2255

7

motion do not arise out of a common core of operative facts, her untimely supplemental § 2255 motion does not relate back to the timely original § 2255 motion.

Even if this Court were to consider the claim in Brown's supplemental § 2255 motion, the Court would reject it. The argument in her supplemental § 2255 motion is the same argument that the Eighth Circuit considered and rejected in Brown's direct appeal. *Brown*, 653 F.3d at 660. "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Therefore, even if Brown's claim in her § 2255 supplement was not time-barred, it would be procedurally barred. Because the Court concludes that the files and records conclusively show that Brown is not entitled to relief, the Court also dismisses Brown's supplemental § 2255 motion without an evidentiary hearing. Because the Court has determined that Brown is not entitled to an evidentiary hearing for either her § 2255 or supplemental § 2255 motions, the Court denies Brown's Motion for Evidentiary Hearing.[3]

**C. Motion to Appoint Counsel**

Brown has also filed a motion to appoint counsel. *See* 28 U.S.C. § 2255(g) (noting that with an exception not relevant here, a court may appoint counsel for § 2255 proceedings). The Court may appoint counsel for a § 2255 motion when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to appoint counsel when the Court conducts an evidentiary hearing on the petition. *Green v. United States*, 262 F.3d 715, 716 (8th Cir. 2001).

---

[3] Brown also filed a pro se Motion to File in the Alternative. In that one-page motion, Brown is asking that this Court grant summary judgment against the "defendant" because the "complaint"—which the Court assumes is the § 2255 motion—fails to state a claim on which relief may be granted. The Court is convinced that Brown did not intend to ask the Court to grant summary judgment against her on her § 2255 motion, so the Court summarily denies that motion.

But when no evidentiary hearing is necessary, the appointment of counsel is discretionary. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).[4] "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present [her] claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Brown argues that the Supreme Court has granted certiorari and heard arguments in *United States v. Alleyne*, which is to answer the question whether the Constitution requires facts that increase a mandatory minimum sentence to be determined by a jury, and that appointing counsel would assist Brown because her case is complex. *See United States v. Alleyne*, 133 S. Ct. 420, 420 (2012) (granting certiorari); Brief for Petitioner, *Alleyne v. United States*, No. 11-9335, 2012 WL 5884834, at *7. But in her timely filed § 2255 motion, Brown did not mention *Alleyne*. Based on the arguments in her timely § 2255 motion, Brown is not entitled to an evidentiary hearing, and the Court does not consider the claims Brown did raise sufficiently complex to justify an appointment of counsel. Therefore, the Court denies Brown's motion.

### D. Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurors

---

[4] *Abdullah* involves the appointment of counsel in § 2254 cases, but the law on the appointment of counsel in § 2254 and § 2255 cases is the same. *See* 18 U.S.C. § 3006A(a)(2)(B) (applying the interests of justice requirement to both § 2254 and § 2255 cases); R. Governing Section 2254 Cases in the United States District Courts 8(c) (requiring court to appoint counsel when an evidentiary hearing is warranted); R. Governing Section 2255 Cases in the United States District Courts 8(c) (same).

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, "a [certificate of appealability] should issue where the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Here, Brown has not made any showing that reasonable jurists would find the rejection of her claims debatable or wrong. Therefore, the Court declines to grant a certificate of appealability.

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Brown's § 2255 motion [Docket No. 133], Motion to File in the Alternative [Docket No. 138], and Motion for Leave to File Supplement [Docket No. 139], and Motion for Evidentiary Hearing [Docket No. 141] are DENIED.
2. Brown's Motion to Appoint Counsel [Docket No. 132] is DENIED.
3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 6, 2013

                                                 s/Joan N. Ericksen
                                                 JOAN N. ERICKSEN
                                                 United States District Judge